UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVONTAE C. HARRIS,

    Plaintiff,

v.                                                                                    CAUSE NO. 3:20-CV-420-DRL-MGG

GARY LEWIS *et al.*,

    Defendants.

## OPINION AND ORDER

Devontae Harris, a prisoner without a lawyer, is proceeding in this case on four claims: (1) "against Sergeant Marty Sexton, Sergeant Freyek, and Captain Gary Lewis in their individual capacities for compensatory and punitive damages for allegedly using a fan to blow cold air toward his cell to dissuade him from continuing his hunger strike on February 12, 2020, in violation of the First Amendment;" (2) "against Sergeant Jones in her individual capacity for compensatory and punitive damages for allegedly using a fan to blow cold air toward his cell to dissuade him from continuing his hunger strike on March 19, 2020, in violation of the First Amendment;" (3) "against Sergeant Henrich in his individual capacity for compensatory and punitive damages for allegedly failing to obtain medical care for Mr. Harris on March 20, 2020, when Mr. Harris became lightheaded during his hunger strike, in violation of the Eighth Amendment;" and (4) "against Nurse Purdue in [his] individual capacity for compensatory and punitive damages for allegedly failing to provide constitutionally adequate medical care for Mr. Harris on March 20, 2020, when Mr. Harris fainted during his hunger strike, in violation

of the Eighth Amendment[.]" The defendants filed a joint motion for summary judgment, arguing Mr. Harris did not exhaust his administrative remedies before filing suit. Mr. Harris filed a response. Nurse Purdue filed a motion to withdraw his motion for summary judgment and to request a *Pavey* hearing. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). The other defendants filed a joint reply to Mr. Harris' response. The summary judgment motion is now fully briefed and ripe for ruling.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's

ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Mr. Harris was granted leave to proceed on one claim arising out of the February 12 incident, one claim arising out of the March 19 incident, and two claims arising out of the March 20 incident. Each incident will be addressed in turn.

A. *February 12 Incident.*

Mr. Harris is proceeding on one claim "against Sergeant Marty Sexton, Sergeant Freyek, and Captain Gary Lewis in their individual capacities for compensatory and punitive damages for allegedly using a fan to blow cold air toward his cell to dissuade him from continuing his hunger strike on February 12, 2020, in violation of the First Amendment[.]" ECF 15 at 4-5. Mr. Harris complained of this conduct in a grievance filed on February 29, 2020.

The grievance office rejected the February 29 grievance because (1) it was untimely, (2) there was no indication Mr. Harris had attempted to informally resolve his complaint before filing his formal grievance, and (3) the grievance was not legible, understandable, presented in a courteous manner, or contained excessive legal jargon. ECF 52-4 at 1-2. The defendants don't address whether the February 29 grievance was properly rejected as untimely. Instead, they assert the grievance office properly rejected the February 29 grievance because there was no indication Mr. Harris attempted to

3

informally resolve his complaint before filing the grievance. *Id*. Mr. Harris responds that he did attempt to informally resolve his complaint prior to filing his February 29 grievance and that he provided the grievance office with proof of his attempts. ECF 57 at 3, 6, 8. Mr. Harris submits copies of three informal grievances dated February 19, 2020, in which he complained to Captain Lewis, Sgt. Freyek, and Sgt. Sexton regarding their conduct of turning a fan onto his cell to make him come off his hunger strike. ECF 57-1 at 9-11. There is thus a disputed fact whether the grievance office properly rejected Mr. Harris' February 29 grievance based on Mr. Harris's failure to attempt to informally resolve his complaint prior to filing the grievance.

The defendants also assert Mr. Harris' February 29 grievance was properly rejected because it related to more than one event and did not suggest a remedy, but the grievance office did not reject the February 29 grievance on this ground. ECF 52 at 11; ECF 52-4 at 1. Lastly, the defendants argue Mr. Harris failed to revise and return the rejected February 29 grievance within five business days. ECF 52 at 11. However, because the grievance office rejected the February 29 grievance in part because it was untimely, there was no way for Mr. Harris to correct and resubmit the grievance. Accordingly, the defendants have not met their burden to show Mr. Harris failed to exhaust his claims relating to the February 12 incident.

B.  *March 19 Incident*.

Mr. Harris was granted leave to proceed on one claim "against Sergeant Jones in her individual capacity for compensatory and punitive damages for allegedly using a fan to blow cold air toward his cell to dissuade him from continuing his hunger strike on

March 19, 2020, in violation of the First Amendment[.]" ECF 15 at 5. The defendants assert Mr. Harris never filed any formal grievance regarding this incident. ECF 52 at 11-12. Mr. Harris asserts he complained of this incident in a grievance dated April 1, 2020. ECF 57 at 10. However, Mr. Harris' April 1 grievance does not address the March 19 incident, and instead complains only that Mr. Harris received inadequate medical care on March 20, 2020. ECF 52-5 at 3. Because the April 1 grievance does not address the March 19 incident, Mr. Harris cannot rely on that grievance to show he exhausted this claim. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it). Mr. Harris provides no other evidence he filed a grievance related to the March 19 incident. Thus, because there is no evidence Mr. Harris exhausted this claim prior to filing this lawsuit, summary judgment is warranted in favor of Sgt. Jones on this claim.

    C.    *March 20 Incident.*

Mr. Harris was granted leave to proceed on one claim "against Sergeant Henrich in his individual capacity for compensatory and punitive damages for allegedly failing to obtain medical care for Mr. Harris on March 20, 2020, when Mr. Harris became lightheaded during his hunger strike," and on one claim "against Nurse Purdue in [his] individual capacity for compensatory and punitive damages for allegedly failing to provide constitutionally adequate medical care for Mr. Harris on March 20, 2020, when Mr. Harris fainted during his hunger strike[.]" ECF 15 at 5. Mr. Harris complained of this incident in his April 1 grievance, asserting that, after he passed out due to dehydration, Sgt. Henrich delayed in providing him medical care and Nurse Purdue instructed officers

5

to leave him on the floor and did not make any effort to rehydrate him. ECF 52-5 at 3. The defendants argue the April 1 grievance was untimely because it was not received by the mailroom until April 8, 2020. ECF 52 at 12. Mr. Harris responds that he deposited the April 1 grievance in the prison facility mailbag within the appropriate timeframe. ECF 57 at 2, 9-10. Sgt. Henrich responds that there is no record of an accepted formal grievance, but he provides no evidence refuting Mr. Harris' claim that he timely submitted the April 1 grievance. ECF 67 at 5-6. Nurse Purdue moves to withdraw his summary judgment motion and requests a *Pavey* hearing. There is thus a disputed fact regarding whether Mr. Harris timely submitted his April 1 grievance to the prison facility mailbag.

## CONCLUSION

Based on the foregoing, summary judgment is warranted only in favor of Sgt. Jones. The remaining defendants—Sgt. Sexton, Sgt. Freyek, Captain Lewis, Sgt. Henrich, and Nurse Purdue—have not carried their burden of proving Mr. Harris did not exhaust his administrative remedies, as genuine issues exist regarding whether the remedies were available to Mr. Harris. *See King*, 781 F.3d at 893; *Woodford*, 548 U.S. at 102; *Dole*, 438 F.3d at 809; *Kaba*, 458 F.3d at 684. Specifically, genuine issues exist regarding whether: (1) the grievance office properly rejected Mr. Harris' February 29 grievance based on Mr. Harris's failure to attempt to informally resolve his complaint prior to filing the grievance; and (2) Mr. Harris timely submitted his April 1 grievance to the prison facility mailbag. Resolving these issues will require a *Pavey* hearing, which Nurse Purdue already has requested. If Sgt. Sexton, Sgt. Freyek, Captain Lewis, and Sgt. Henrich want to

continue to pursue the affirmative defense of exhaustion, they must also request a *Pavey* hearing.

    For these reasons, the court:

    (1)    GRANTS the summary judgment motion as to Mr. Harris' claim against Sgt. Jones and denies it in all other respects (ECF 51);

    (2)    ORDERS Sgt. Sexton, Sgt. Freyek, Captain Lewis, and Sgt. Henrich to file a notice within fourteen (14) days of this order either withdrawing the exhaustion defense or asking for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008);

    (3)    GRANTS Nurse Purdue's motion requesting a *Pavey* hearing (ECF 66); and

    (4)    REFERS this case to Magistrate Judge Michael G. Gotsch, Sr., to conduct an evidentiary hearing and to prepare a report and recommendation.

    SO ORDERED.

September 1, 2021                          *s/ Damon R. Leichty*
                                                Judge, United States District Court